JUSTICE RICE,
concurring.
¶23 I agree with the Court’s decision to affirm the District Court, but believe the Court’s analysis is somewhat unclear. The Court states that *394 ‘the prohibited conduct in this case necessarily included sexual intercourse with a minor.” Opinion, ¶ 17. However, the federal offense of Sexual Exploitation of Children does not “necessarily include” sexual intercourse. Under 18 U.S.C.A. § 2251, a person can commit that offense merely by displaying images of the genital or pubic area. The Montana offense of Sexual Intercourse without Consent requires “penetration of the vulva, anus, or mouth.”Section 45-2-101, MCA. The Court states “the charging documents” reference the same sexual conduct, Opinion, ¶ 19, yet the federal indicting documents do not allege that Neufeld committed sexual intercourse or penetration.
¶24 Rather, at his federal sentencing hearing, Neufeld admitted to the court that he had engaged in a “sexual relationship” with K.B. when she was thirteen years old. The United States District Court therefore enhanced Neufeld’s sentence because of this admitted sexual activity with a minor. Thus, it was the enhancement of Neufeld’s sentence which triggered the double jeopardy protections under §46-11-504, MCA, because at that point he was being punished for the same prohibited conduct for which he was charged in State Court. Therefore, though the federal and Montana offenses where different as originally charged, Neufeld’s federal sentence incorporated the same prohibited conduct.